IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GEORGE BRIGANCE,         2:03-cv-0963-GEB-CMK-P

    Petitioner,

  vs.                         ORDER

MIKE KNOWLES, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

        On August 30, 2006, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within ten days.  Petitioner has filed objections to the findings and recommendations, in which he argues that admission of statements identified in the findings and recommendations violated his federal due-process rights.  "[T]he admission of evidence in state court is not subject to federal habeas review unless the admission of the testimony was arbitrary or fundamentally unfair."  Drayden v. White, 232

1

1  F.3d 704, 710 (9th Cir. 2000) (stating also that "[t]he improper admission of evidence does not

2  violate the Due Process Clause unless it is clearly prejudicial and rendered the trial

3  fundamentally unfair") (internal quotation and citation omitted).

4        In this case, the California Court of Appeal considered the challenged statements,

5  noting that at a pretrial hearing the trial court "stated it would give a limiting instruction at the

6  appropriate times at counsel's request." (Petition Ex. J at 23, May 8, 2003.)  The California

7  Court of Appeal stated:

> At several points during trial, the court admonished the jury that certain testimony concerning statements Whitman made about defendant's background or conduct was admitted for the limited purpose of showing her state of mind toward defendant, and that it was not to consider such testimony for the truth of the facts contained in her statements.
> . . . .
> Defendant also says Whitman's statements were inadmissible under Evidence Code section 1250 because they lacked reliability.  Under Evidence Code section 1250, subdivision (a), the admission of hearsay evidence under the state of mind exception is "[s]ubject to Section 1252," which states: "Evidence of a statement is inadmissible under this article if the statement was made under circumstances such as to indicate its lack of trustworthiness."  (Evid. Code § 1252.)
>
> However, defendant did not expressly object on the basis of Evidence Code section 1252 at the trial court, and, thus, he has waived this claim on appeal. (Evid. Code, § 353, subd. (a).)  Even if he had raised Evidence Code section 1252, the record does not show that the circumstances under which the statements were made -- Whitman confiding in close friends and family -- indicated a lack of trustworthiness.
>
> Moreover, it was proper for the trial court to admit some of Whitman's statements with the admonishment that they should not be considered for their truth.  The evidence was relevant as circumstantial evidence of Whitman's state of mind, whether the facts set forth in those statements were true or not.
> . . . .
> To the extent defendant complains that some of Whitman's remarks about defendant might have been admitted without the limiting instruction, it was incumbent on defendant to request that instruction at the proper times during trial.  Any failure by him to do so waived the point on appeal.
>
> That leaves the defendant's claim based on Evidence Code

section 352.  Defendant contends the probative value of Whitman's state of mind toward defendant and their relationship, for the purpose of showing she expressed those unfavorable feelings to defendant on the night she was killed, was so minimal as to amount to mere speculation, and that no reasonable juror could have drawn that inference.

We disagree.  A reasonable juror could easily infer Whitman acted in conformity with her state of mind on the night she died.  In early December, she was happy with defendant and their relationship, but later in December she was pessimistic as to both; she seemed oddly hushed and uncomfortable when Meza called her about 6:00 p.m. on December 29, suggesting perhaps she was then involved in a tense conversation with defendant; defendant was on the sofa, not in bed with Whitman; the coroner's findings convincingly proved she did <u>not</u> have sexual intercourse with defendant on the night she died, contrary to defendant's assertions; and (to the extent defendant was to be believed) both he and Whitman were crying on the night she died.

In his closing statement to the jury, defendant's trial attorney conceded that Whitman had rejected defendant, but argued that the rejection would not have caused defendant to kill her.  The court did not abuse its discretion in permitting the evidence.

(<u>Id.</u> at 23- 24, 26-28 (internal citation omitted).)

As indicated by the California Court of Appeal, the challenged evidence did not "render the trial fundamentally unfair."  <u>White</u>, 232 F.3d at 710.

The findings and recommendations filed August 30, 2006, are adopted and are augmented herein.  Therefore, Petitioner's petition for a writ of habeas corpus is denied.

The Clerk of Court is directed to enter judgment for Respondents.

Dated:  September 26, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge

3